# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|   |   |   |
|---|---|---|
| **GARY L. ECKHOFF,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-01354-NCC |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| Deputy Commissioner of Operations, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Gary L. Eckhoff ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 15) and Defendant has filed a brief in support of the Answer (Doc. 20). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 8).

## I. PROCEDURAL HISTORY

Plaintiff filed his application for DIB on November 10, 2011 (Tr. 281-87). Plaintiff was initially denied and, on August 26, 2012, he filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 157-61, 164). After a hearing, by decision dated March 7, 2014, ALJ Sheila McDonald found Plaintiff not disabled (Tr. 131-46). On May 2, 2015, the Appeals Council, upon Plaintiff's request, remanded Plaintiff's case to an ALJ for further review (Tr. 148-51). On January 7, 2016, following a second administrative hearing, ALJ Lisa Leslie found that Plaintiff was not disabled (Tr. 9-27). On March 13, 2017, the Appeals Council denied

Plaintiff's request for review (Tr. 1-6). As such, the ALJ's January 7, 2016 decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date of November 2, 2011 through his date last insured of September 30, 2014 (Tr. 15). The ALJ found Plaintiff has the severe impairments of traumatic ruptured globe of the left eye, retinal pigment epithelium (RPE) changes of the right eye, likely early dry age-related macular degeneration (AMD), and dry eyes, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 16).

After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following limitations (*Id.*). He is limited to work for which depth perception is required only occasionally (*Id.*). However, he is able to read small print such as found in a book, newspaper or computer screen (*Id.*). Plaintiff cannot work at unprotected heights, around moving, mechanical parts or other such hazards (*Id.*). He is also unable to operate heavy equipment or machinery but may occasionally operate a regular motor vehicle (*Id.*). The ALJ found Plaintiff unable to perform any past relevant work (Tr. 20). The ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including dishwasher (Tr. 21). Thus, the ALJ concluded that a finding of "not disabled" was appropriate (Tr. 22). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

2

# III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ

will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of

the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff generally asserts that the ALJ failed to properly consider the medical opinion evidence of record. Specifically, Plaintiff argues that the dispositive issue in this case is whether Plaintiff can avoid ordinary hazards in the workplace and, if the ALJ had properly considered the opinion evidence of record, she would have included such a limitation in Plaintiff's RFC determination. Plaintiff further asserts that such an error is not harmless because a limitation regarding the avoidance of ordinary hazards in the workplace would limit Plaintiff to work other than that at the medium or heavy level and

5

would result in Plaintiff meeting the requirements for disability benefits set for in the "Grids" found in 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.02.[1] For the following reasons, the Court finds that Plaintiff's argument is without merit, and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

The Regulations define RFC as "what [the claimant] can do" despite his "physical or mental limitations." 20 C.F.R. § 404.1545(a). "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001). "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney*, 228 F.3d at 863). *See also Myers v. Colvin*, 721 F.3d 521, 526 (8th Cir. 2013). To determine a claimant's RFC, the ALJ must move, analytically, from ascertaining the true extent of the claimant's impairments to determining the kind of work the claimant can still do despite his impairments. *Anderson v. Shalala*, 51 F.3d. 777, 779 (8th Cir. 1995). "Although it is the ALJ's responsibility to determine the claimant's RFC, the burden is on the claimant to establish his or her RFC." *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016) (internal citations omitted).

**1. The Opinion of Dr. Jason Street, OD**

First, Plaintiff argues that the ALJ improperly weighed the opinion of consultative examiner, optometrist Dr. Jason Street ("Dr. Street") (Doc. 15 at 5). On November 11, 2013, Dr.

---

[1] The Grids "are a set of charts listing certain vocational profiles that warrant a finding of disability or non-disability." *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). "If the ALJ's findings as to RFC, age, education, and work experience fit any of the combinations of those criteria contained in the Tables in Appendix 2 to Part 404, then the ALJ must reach the conclusion (either 'disabled' or 'not disabled') directed by the relevant Rule or line of the applicable Table." *Id.* (quoting *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993)).

Street examined Plaintiff and issued a Medical Source Statement of Ability to Do Work-Related Activities (Visual) and an associated cover letter (Tr. 511-14). Dr. Street diagnosed Plaintiff with (1) a history of ocular trauma OS from injury that has caused legal blindness of the left eye; (2) nuclear sclerotic cataract OS>OD; (3) drusen in the paramacular area of the right eye; (4) myopia; and (5) presbyopia (Tr. 512). Dr. Street opined that Plaintiff "has severely compromised depth perception" but that because he sees well with his right eye, he can pass the Missouri driving test, should be able to perform reading tasks, and is able to lift heavy objects (*Id.*). However, Dr. Street recommended that Plaintiff not move heavy objects very far and that he not work around machinery or operate heavy equipment because his depth perception is "much too compromised to be able to effectively judge distances" (*Id.*). Dr. Street further opined, using a check mark form provided by the state agency, that Plaintiff is unable to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles (Tr. 513). Next to his checkbox indication, Dr. Street clarified, in his own writing, that this limitation was "due to poor depth perception" (*Id.*). Dr. Street thereafter noted twice more on the form that Plaintiff is unable to "judge distances" because "his depth perception is compromised" (Tr. 514).

      The Court finds that the ALJ gave the proper weight to Dr. Street's opinion. The ALJ afforded the opinion of Dr. Street "only some weight" (Tr. 19). In doing so, the ALJ found that Dr. Street's opinion was internally inconsistent; Dr. Street opined that Plaintiff could not avoid ordinary hazards in the workplace but also indicated that Plaintiff could operate a motor vehicle (Tr. 19). In fact, Plaintiff reported on his Function Report dated June 12, 2012 that he is able to drive with the exception of driving at night or in the rain (Tr. 393). Although Plaintiff asserts that these facts are not inconsistent as the State of Missouri does not require a depth perception

test to renew a driver's license, the Court finds it reasonable for the ALJ to find Plaintiff's inability to avoid ordinary hazards in the workplace inconsistent with his ability to operate a motor vehicle (Doc. 15 at 6). *Cain v. Barnhart*, 197 F. App'x 531, 533 (8th Cir. 2006) (upholding an ALJ's evaluation of a medical opinion in part because the ALJ found it inconsistent with plaintiff's own testimony; "Dr. Spears opined that Cain can 'never' see near or far or distinguish depth perception, whereas Cain testified that he drives a vehicle every day and regularly watches television."). *See also Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) (internal quotation marks omitted) ("Physician opinions that are internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies.").

The ALJ also found that no treating ophthalmologist ever suggested any specific work-related limitation (Tr. 19). Indeed, as noted by the ALJ, indicated by the Plaintiff and supported by the record, Plaintiff did not receive additional medical treatment after October 2013 (Tr. 18, 426). *See Tarkington v. Berryhill*, No. 4:15 CV 1600 JMB, 2017 WL 976938, at *12 (E.D. Mo. Mar. 13, 2017) (considering the absence of work-related limitations). Further, a consulting expert's opinion, such as Dr. Street's, is generally entitled to less weight and will normally not constitute substantial evidence, particularly where the opinion is inconsistent with the record as a whole. *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000). Finally, an ALJ is not required to adopt all the limitations of any medical opinion. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (an ALJ does not need to adopt the entirety of a medical opinion).

**2. The Opinions of Dr. Nelson Ringer, MD and Dr. Collen Ryan, MD**

Next, Plaintiff argues that the ALJ failed to give good reasons for the weight she gave the opinions of state agency medical consultants Dr. Nelson Ringer, M.D. ("Dr. Ringer") and Dr. Colleen Ryan, M.D. ("Dr. Ryan") (Doc. 15 at 7). Dr. Ringer, an ophthalmologist, provided an

opinion on a physical residual functional capacity assessment ultimately completed by Pamela Gerlach, a single decision-maker, on June 21, 2012 (Tr. 125, 128). Although unclear, Dr. Ringer presumably provided his opinion as it related specifically to Plaintiff's "visual limitation" (Tr. 125). As such, Dr. Ringer indicated that Plaintiff has limited depth perception and noted that "with good vision only in one eye[,] there is decreased depth perception" (Tr. 125). On October 29, 2012, Dr. Ryan, a family or general practice physician, completed a case analysis (Tr. 509). Dr. Ryan indicated that the medical evidence of record does not support a fully favorable determination (*Id.*). In so doing, while Dr. Ryan found Plaintiff's statements to be credible and consistent with the information on file and that he has some cloudiness of vision, Dr. Ryan opined that Plaintiff has no trouble with personal care, he mows the law on a ride-on mower, he helps clean up around the house, and he can drive (*Id.*).

The Court finds that the ALJ gave the proper weight to the opinions of Dr. Ryan and Dr. Ringer. The ALJ afforded "great weight" to both opinions finding that the opinions "indicated that [Plaintiff] had no exertional limitations, but had limited depth perception" (Tr. 19). As a preliminary matter, state agency medical consultants are highly qualified experts in Social Security disability evaluation. 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). Further, although Plaintiff argues that the ALJ failed to explain why she gave great weight to these opinions, the Court will not penalize the ALJ for an error in her decision-writing considering that it is clear that the ALJ found the opinions to be consistent with the record as a whole. Indeed, Plaintiff lost most of the vision in his left eye when a tire iron hit him directly in the eye in November 2011 (Tr. 442). The medical professionals, including Dr. Street, indicate that Plaintiff has limited depth perception (Tr. 512-14, 516). However, upon a complete review of the medical evidence, nothing on the record indicates exertional limitations resulting from any of his

severe impairments. *Pearsall v. Massanari,* 274 F.3d 1211, 1219 (8th Cir. 2001) (finding the ALJ appropriately gave greater weight to a medical opinion, in part, because it was consistent with the other evidence of record). Furthermore, it is the duty of the ALJ to weigh conflicting evidence and to resolve disagreements among medical opinions. *Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014).

**3. VE Testimony**

Finally, Plaintiff asserts that the ALJ failed to properly consider Step 5 of the sequential evaluation (Doc. 15 at 11). Specifically, Plaintiff argues that the RFC is flawed because the ALJ failed to properly weigh and evaluate the opinion evidence of record (*Id.*). Therefore, Plaintiff asserts, the ALJ failed to include the limitation on Plaintiff that he is unable to avoid ordinary hazards in his hypothetical to the vocational expert ("VE") (*Id.*). However, as previously addressed, the Court finds the ALJ's properly weighed the opinion evidence of record and, accordingly, further finds that the RFC determination is consistent with the relevant evidence of record. Consequently, as the ALJ appropriately included the restrictions as indicated in her RFC determination in the hypothetical question to the vocational expert, the Court finds that the hypothetical which the ALJ submitted to the vocational expert was proper, the ALJ properly relied on the vocational expert's testimony that there were jobs existing in significant numbers which Plaintiff could perform, and Plaintiff's arguments to the contrary are without merit (*See* Tr. 21-22, 113-15). *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) ("A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ.").

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 27th day of August, 2018.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE